DONNA TAMANAHA, Assistant U.S. Trustee (WI#1013199)
PATRICIA A. CUTLER, Trial Attorney (#50352)
U.S. Department of Justice
Office of the United States Trustee
235 Pine Street, Suite 700
San Francisco, CA 94104-3484
Telephone: (415) 705-3333
Facsimile: (415) 705-3379
Email: patricia.cutler@usdoj.gov

Attorneys for Acting United States Trustee
AUGUST B. LANDIS

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re<br><br>**GEORGE AND YOLANDA CASTRO**<br><br><br>Debtors. | No. 10-12308 AJ7<br><br>Chapter 7<br><br>Date: October 1, 2010<br>Time: 9:00 a.m.<br>Place: 99 South E Street<br>Santa Rosa, California |

**UNITED STATES TRUSTEE'S MOTION TO DISMISS CASE
FOR ABUSE UNDER 11 U.S.C. §§ 707(b)(1),(b)(2) and (b)(3)**

August B. Landis, the Acting United States Trustee for Region 17 ("UST"), hereby moves this Court for an order dismissing this case under 11 U.S.C. § 707(b)(1) because this case is presumptively abusive under 11 U.S.C. § 707(b)(2) or, alternatively, under 11 U.S.C. § 707(b)(3) because under the totality of the circumstances of Debtors' financial situation. Debtors have the present and future ability to repay creditors.

Debtors have disposable income of $1358 per month on the means test based primarily on exclusion of the deductions for surrendered property. The presumption arises and the 60 month dividend of $81,487 is more than sufficient to pay 100% unsecured creditors' debt of $47,932.

Based on the totality of the circumstances, Debtors have the ability to pay unsecured creditors in full after appropriate adjustments by the UST to income and deductions on schedules I. Debtors actually have $995 per month or $59,690 during 60 months based primarily on greater income calculated by the UST from on Debtors' pay advices and based on elimination of repayment of a 401k loan at $830 per

UST MOTION TO DISMISS CASE FOR ABUSE UNDER 11 U.S.C. §§ 707(b) - 1 -

month. Debtors would have an additional $471 per month for a total of $1466 per month to pay creditors if their contribution to their 401k were eliminated as well. In addition to an analysis of schedules I and J, Debtors have demonstrated by their gambling habits that they have discretionary income that could be used to pay creditors.

This motion is based upon the Memorandum of Points and Authorities, the Declaration of Patricia Martin, filed herewith, together with the entire record in this case and such evidence and argument as may be introduced with respect to the Motion. Additionally, the UST requests the Court take judicial notice under F.R.E. 201 of its own records in the case in support of the facts set forth hereafter.

## I.　　FACTS

Debtors filed a voluntary chapter 7 petition on June 21, 2010. The first 341 meeting was held on July 19, 2010. The UST timely filed a 10-Day Statement of Presumed Abuse on July 29, 2010. This motion is timely.

Debtors are a couple without dependants. He works as a supervisor in the Solano Diversified Services and she works as a chemist at Day Pharma LP. They earn total gross income per year of about $100,000. The unsecured debt totals $47,932. Debtors' statement of wages on their means test is not accurate based on the UST's pay advice calculations and the UST submits the expenses for surrendered property is not allowable. The UST's pay advice analysis shows income at line 18 to be $8740 not Debtors' figure of $7739. At lines 42, $5467 in deductions for mortgage payments have been eliminated as Debtors have stated the intention to and have in fact surrendered their second home. These adjustments provide disposable income of $1358 per month or $81,487 over 60 months - enough to pay 100% dividend almost twice over to unsecured creditors. The presumption arises and unsecured creditors will be paid in full. The case should be dismissed under §707(b)(2).

In addition to the presumption arising based on adjustments to the means test, the totality of the circumstances show Debtors have the actual ability to pay their creditors in full. The UST submits Debtors have disposable income based primarily on analysis of Debtors' pay advices, adjusting income upward and eliminating the deduction for 401k loan repayment. The pay advices show gross pay is $8183per month not $7739 listed by Debtors. The UST has adjusted the deductions taken on schedule I as well based on the pay advices - the most significant being elimination of $830 per month for 401k loan

repayment.  These adjustments result in disposable income of $995 per month enough to pay all schedule F debt in full.  The UST submits it may also be appropriate to eliminate the 401k contribution of $471 per month if necessary to pay creditors.

In addition to showing disposable income on schedules I and J, Debtors have demonstrated by their gambling habits that they have discretionary income that could be used to pay creditors.  During the year leading up to the very date of filing, Debtors spent total of $22,887 at various gambling establishments in Northern California, drawing out funds regularly several times every month at Cache Creek, Thunder Valley and Red Hawk casinos.  The average drawn per month was $1907 - an amount that could pay their unsecured debt in just over two years.

The UST submits that based on the totality of the circumstances, the case should be dismissed under §707(b)(3).

## II.  PRAYER FOR RELIEF

WHEREFORE, the United States Trustee respectfully requests

(I) entry of an order dismissing this case under Section 707(b)(1) as an abuse of chapter 7
    on grounds that
    (A) the case is a presumptively abusive under Section 707(b)(2) or,
    (B) in the alternative, the totality of the circumstances of Debtor's financial
    situation demonstrates abuse under Section 707(b)(3)(B); and

(II) any other and further relief as the Court deems appropriate.

Dated: August 26, 2010                              Respectfully submitted,

                                                    August B. Landis
                                                    Acting United States Trustee

                                         By:   Patricia A. Cutler #50352
                                                   Patricia C. Cutler
                                                   Attorney for the U.S. Trustee

Case: 10-12308    Doc# 21    Filed: 08/26/10    Entered: 08/26/10 07:29:18    Page 3 of 3